SUSAN M. CHEHARDY, Judge.
|2In this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the reasons which follow, we affirm defendant’s convictions and sentences.

Facts and Procedural History

In this case, defendant pled guilty without proceeding to trial. Thus, the facts were gleaned from the recitation of facts presented by the State during the guilty plea colloquy:
If these matters proceed to trial the State of Louisiana is prepared to show beyond a reasonable doubt, in case number 07-4814 that Travis Williams did on or about the 26th day of April in the year of 2007, within the jurisdiction of Jefferson Parish, violated [sic] 14:95.1 in that he did have in his possession a firearm having been previously convicted of the crime of Distribution of Cocaine in violation of 40:967A under case number 98-1091, Division A of the 24th Judicial District Court, Parish of Jefferson.
In Count 2, that Travis Williams did on or about the 26th day of April, 2007, violated [sic] Revised Statute 40:967 F in that he did knowingly and intentionally possess a controlled dangerous substance, to wit: cocaine ... Possession of Cocaine less than 200 grams, ... 28 to 199.
*1070 |3On August 14, 2007, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Travis Williams, in Count One, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and, in Count Two, with possession of between 200 to 399 grams of cocaine, in violation of La. R.S. 40:967(F). On June 23, 2008, defendant was arraigned and pled not guilty to these charges.[2]
On December 2, 2009, defendant withdrew his pleas of not guilty and pled guilty to both counts. That day, the trial judge sentenced defendant for possession of a firearm by a convicted felon to 12 years imprisonment with the Department of Corrections,[3] and for possession of between 28 and 199 grams of cocaine to 10 years imprisonment with the Department of Corrections, to run concurrently with each other and with the sentences imposed that day in three cases that are not the subject of this appeal.
Also, on December 2, 2009, the State filed a multiple offender bill of information alleging that defendant was a second felony offender.[4] Defendant stipulated to the allegations of the multiple bill. Thereafter, the trial judge vacated defendant’s underlying sentence for felon in possession of a firearm and imposed an enhanced sentence of 12 years imprisonment with the Department of Corrections, to run concurrently with count two and other sentences imposed in cases that are not the subject of this appeal.
|4On January 10, 2012, defendant filed an application for post conviction relief seeking reinstatement of his right to appeal, which was granted on January 24, 2012.[5] This appeal follows.

Discussion

Under the procedure set forth by our brethren on the Fourth Circuit in State v. Benjamin,[6] which was sanctioned in State v. Mouton,[7] and adopted by this Court in *1071 State v, Bradford,[8] appointed appellate counsel has filed a brief pursuant to An-ders v. California, supra, and State v. Jyles[9] asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[10] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[11]
|sIn State v. Jyles,[12] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [13]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[14] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.[15]
Defendant’s appellate counsel asserts that, after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal. She sets forth a procedural history of the case, but does not provide a statement of the facts, noting that the facts were not revealed in the record. She further provides that she can find no ruling of the trial court that arguably supports the appeal. She explains that there is no ruling of the trial court to be challenged. |6She notes that no motions were heard or transcribed and defendant pled to the charges and to the subsequent multiple bill.
*1072 Appellate counsel reports that she considered whether to raise an issue of excessive sentence, but was compelled to conclude that such a claim would be frivolous. She contends that defendant was informed by the plea form that as a second felony offender he faced a sentence up to 30 years and would be sentenced to 12 years. She also notes that defendant was informed as to the underlying sentence in the plea colloquy. She concludes that the 12-year sentence would not be regarded as constitutionally excessive. She requests this Court grant her motion to withdraw as counsel of record.
Appellate counsel has filed a motion to withdraw as attorney of record which states she has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal. She further notes there are no rulings which would arguably support the appeal. She contends that her brief is in compliance with Anders and that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal.
Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until May 24, 2012, to file a pro se supplemental brief. As of the date of this opinion, defendant has not filed a supplemental brief in this matter.
The State responds that counsel has shown a conscientious and thorough review and recitation of the procedural history of the case and has cast an advocate’s eye over the record and determined there were no significant non-frivolous issues upon which to base an appeal. The State agrees that there were no motions heard or transcribed and defendant pled guilty to the charges and the multiple bill. The State adds that defendant was advised of his Boykin rights and 17waived them. The State contends that defendant was made aware of the sentences before his guilty pleas were accepted and was advised of the ranges for the charges and as a second felony offender.
The State concludes that defendant’s sentences were in accordance with the plea agreement and he is proeedurally barred from seeking review of his sentences. The State contends that defendant’s 10-year sentence as to count two and his 12-year sentence as to count one are proper and not subject to further review. The State also concludes that a guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the guilty plea and no jurisdictional defects are present in these proceedings. The State acknowledges that counsel has conformed with and followed the procedures set forth in Anders and Jyles and suggests that she should be granted her request to withdraw. The State requests that this Court affirm defendant’s conviction and sentence.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information in this case properly charged defendant and plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged.[16]
Next, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceedings, his sentencing, and his multiple bill proceedings, including his stipulation and his enhanced sentencing.
*1073 Further, defendant pled guilty to both counts in the underlying bill of information and stipulated to the allegations of the multiple offender bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional 18defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[17] An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting, on appeal, that the State failed to produce sufficient proof at the multiple offender hearing.[18]
Additionally, several pre-trial motions were filed in this case. Although the record does not reflect rulings on all of these pre-trial motions, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived.[19] Further, no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).
Next, we find that the record does not reveal any irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[20] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[21] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[22]
During the guilty plea proceeding, defendant was informed in writing in the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to one count of felon in possession of a firearm and one count of possession of between 28 and 199 grams of cocaine. Further, defendant was informed of his Boykin rights — his right to a judge or jury trial, to confrontation, and to remain silent — in writing on the waiver of rights form and verbally by the |9trial judge. Defendant indicated in writing and verbally that he understood that he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. He also indicated that he understood that, by pleading guilty, a future felony conviction could result in the sentence being enhanced. Defendant was told during the colloquy and by means of the waiver of rights form of the maximum sentence that he faced for each count. He was also informed as to the sentences that would be imposed if his guilty pleas were accepted. The judge accepted the guilty pleas as knowingly, intelligently, freely, and voluntarily made.
La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penal *1074 ty and the maximum possible penalty. Although defendant was told of the maximum sentences he faced and the sentences that would be imposed for the two offenses he was charged -with, defendant was not advised as to the minimum penalties he faced for the two offenses as required by La.C.Cr.P. art. 556.1. Defendant was also not advised that his underlying or enhanced sentences are to be served without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:95.1; La. R.S. 40:967(G); La. R.S. 15:529.1(G).
However, a violation of La.C.Cr.P. art. 556.1, which does not rise to the level of a Boykin violation, is subject to “harmless error” analysis. State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09); 15 So.3d 1076, 1079, writ denied, 09-1385 (La.2/12/10); 27 So.3d 842. We do not find issues sufficient to support an appeal. See State v. Otkins, 11-563 (La.App. 5 Cir. 12/13/11); 81 So.3d 1501 in(failure to inform the defendant of the minimum penalties he faced for the charged offenses was harmless error and, thus, there were no non-frivolous issues to be raised on appeal).
Further, defendant’s underlying sentences do not present issues for appeal. Defendant’s underlying sentences were imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.[23]
Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes. Defendant pled guilty to possession of a firearm by a convicted felon. La. R.S. 14:95.1 provides for a sentence at hard labor for 10 to 15 years imprisonment without benefit of parole, probation, or suspension of sentence. Defendant received a sentence of 12 years with the Department of Corrections.
Defendant also pled guilty to possession of between 28 to 199 grams of cocaine in violation of La. R.S. 40:967(F). La. 40:967(F)(l)(a) provides for a sentence of imprisonment at hard labor for 5 to 30 years and a mandatory fine of not less than $50,000.00 and not more than $150,000.00. Defendant was sentenced to 10 years with the Department of Corrections.[24]
Regarding the multiple offender proceedings, defendant executed a waiver of rights form, which reflects that defendant admitted that he was a second felony offender with a prior felony conviction. The form reflects that a copy of the multiple bill was given to him and reviewed by him and his attorney. By means of this form, defendant indicated that he understood that he was giving up his right to have a hearing, his right to remain silent throughout the hearing, and that his |nsilence would not be held against him. Defendant agreed that he was satisfied with the way his attorney and the court explained the rights that he was waiving and the consequences of his guilty plea. He indicated that he was not forced, coerced, or threatened to stipulate. He further indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty at the time. Defendant initialed his understanding of this waiver.
Further, the waiver of rights form reflects that defendant faced a sentencing range of 7.5 to 30 years imprisonment as a multiple offender, and that he would re *1075 ceive 12 years imprisonment, to run concurrently with Count Two and sentences imposed in other unrelated cases. The form was signed by defendant, his attorney, and the judge.
After accepting defendant’s stipulation to the multiple bill, the trial judge imposed a sentence in conformity with the “plea agreement.” This Court has consistently recognized that La.C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed.[25]
Defendant’s enhanced sentence was within the sentencing range as well. The term of imprisonment for a second felony offender “shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” See La. R.S. 15:529.1. In this case, a conviction under La. R.S. 14:95.1 carried a term of imprisonment of 10 to 15 years. See La. R.S. 14:95.1(B). Thus, as a second felony offender, defendant was subject to a sentencing range of 7.5 to 80 years imprisonment. See La. R.S. 14:95.1(B); La. R.S. 15:529.1. Because defendant’s enhanced sentence is within the sentencing range and was imposed pursuant to the stipulation, the sentence does not present a non-frivolous issue to raise on appeal.
[ 12Further, by stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects were waived. As previously noted, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction, multiple bill stipulation, and sentences. Further, appellate counsel’s motion to withdraw as attorney of record is granted.

Errors patent

In his Anders brief, defendant requests an error patent review, which this Court routinely provides in accordance with La. C.Cr.P. art. 920. We note the following errors, including one that requires correction.
First, we note that defendant received an illegally lenient sentence on Count Two under La. R.S. 40:967(F)(l)(a), which requires a fine between $50,000 and $150,000. Although this Court has the authority to correct an illegally lenient sentence under La.C.Cr.P. art. 882, we decline to remand the matter for imposition of the mandatory fine due to defendant’s indigent status.[26]
Next, we note that defendant’s sentence on Count Two and defendant’s enhanced sentence were imposed without restriction of benefits. With respect to Count Two, La. R.S. 40:967(F)(l)(a) and La. R.S. 40:967(G) mandate a minimum sentence of five years. As such, the first five years of the sentence should have been imposed without benefit of probation or parole and defendant’s entire sentence should have been imposed without suspension of sentence. With respect 11Rto defendant’s enhanced sentence, La. R.S.15:529.1(G) and La. R.S. 14:95.1(B) required that the sen *1076 tence be imposed without benefits.[27] Under State v. Williams, 00-1725 (La.11/28/01); 800 So.2d 790, 799 and La. R.S. 15:801.1, however, the restrictions are self-activating and no corrective action is required regarding the restrictions.[28]
Finally, the hard labor commitment reflects that defendant “entered a plea of GUILTY” and was sentenced under La. R.S. 15:529.1. The commitment, which is inconsistent with the transcript of the proceedings, does not reflect defendant’s status as a second felony offender. This is an error patent that requires correction. State v. Hart, 10-905 (La.App. 5 Cir. 5/10/11); 66 So.3d 44, 51, writ denied, 11-1178 (La.11/18/11); 75 So.3d 448. As such, we remand this matter with instructions to the trial court to correct the commitment to reflect that defendant was sentenced as a second felony offender and direct the clerk of court to transmit the original of the corrected hard labor commitment to the officer in charge of the institution to which the defendant has been sentenced, and to the Department of Correction’s Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06); 937 So.2d 846 (per curiam).

AFFIRMED; REMANDED WITH INSTRUCTIONS

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Count two of the bill of information was subsequently amended by the State to reflect a reduction in the charge because the actual weight of the cocaine was 196 grams.

. Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06); 947 So.2d 105, 109 n. 3, writ denied, 07-0152 (La.9/28/07); 964 So.2d 351.

. In the multiple offender bill of information, the State sought to enhance the penalty imposed for defendant’s underlying La. R.S. 14:95.1 conviction. The State used, as a predicate, defendant’s guilty plea to carnal knowledge of a juvenile, in violation of La. R.S. 14:80, in case number 97-4807, on February 24, 2000. "[A] sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information.” State v. Baker, 06-2175 (La.10/16/07); 970 So.2d 948, 958, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008). Here, defendant’s conviction for violating La. R.S. 14:95.1 was based on his previous felony conviction for distribution of cocaine in violation of La. R.S. 40:967(A). Thus, the State was not procedurally barred from enhancing defendant’s underlying La. R.S. 14:95.1 conviction with defendant’s separate predicate conviction for carnal knowledge of a juvenile, in violation of La. R.S. 14:80.

. Defendant filed an application for post conviction relief on May 27, 2011, which was denied on June 21, 2011. On December 22, 2011, this Court granted relief for the limited purpose of vacating the denial of defendant's application for post-conviction relief and granting him time to move for reinstatement of his appeal rights through another application for post-conviction relief.

. 573 So.2d 528, 530 (La.App. 4 Cir. 1990).

. 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam).

. 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110.

. 96-2669 (La.12/12/97); 704 So.2d 241, 242 (per curiam).

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. 96-2669 at 2, 704 So.2d at 241.

. Id.

. Bradford, supra at 1110.

. Id.

. See generally, La.C.Cr.P. art. 464-66.

. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664.

. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97); 704 So.2d 300, 304.

. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05); 896 So.2d 1101, 1102.

. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McCoil, supra.

. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173.

. Defendant did not receive the mandatory fine and his benefits were not restricted pursuant to the statute. See error patent discussion, infra.

. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07); 958 So.2d 36, 46.

. See also State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09); 24 So.3d 235, 241-42; State v. England, 09-746 (La.App. 5 Cir. 3/9/10); 38 So.3d 383, 391.

. The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 “are those called for in the reference statute.” State v. Esteen, 01-879 (La.App. 5 Cir. 5/15/02); 821 So.2d 60, 79, writ denied, 02-1540 (La.12/13/02); 831 So.2d 983 (citing State v. Bruins, 407 So.2d 685, 687 (La.1981)).

. See England, 38 So.3d at 390-91.