CHAISSON, J. |, Defendant, Jeremy C. Julien, appeals several felony convictions and sentences, as well as his multiple offender adjudication and enhanced sentence. For the reasons that follow, we affirm defendant’s convictions, his multiple offender adjudication, the sentence as amended herein on count three, and the sentences imposed on the remaining counts, including the enhanced sentence’. We remand the matter however for correction of errors patent as noted herein. In addition, we grant appellate counsel’s motion to withdraw as attorney of record for defendant. PROCEDURAL HISTORY On March 22, 2012, the Jefferson Parish Grand Jury returned an indictment charging defendant with second degree murder, in violation of La, R.S. 14:30.1 (count one); distribution of heroin, in violation of La. R.S. 40:966(A) (count two); possession with intent to distribute heroin, in violation of La. R.S. 40:966(A) (count three); possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count four); and possession of hydrocodone, in violation of La. R.S. 40:967(C) (count five). At the March 23, 2012 arraignment, defendant pled not guilty to the charged. offenses. Defendant thereafter filed pre-trial motions, including motions to suppress evidence, statement, and identification. On July 19, 2012, the trial court heard and denied the motions to suppress. On September 17, 2014, the State amended count one of the indictment to charge defendant with manslaughter, a violation of La. R.S. 14:31. On that same day, defendant withdrew his not guilty pleas and, after being advised of his rights, pled guilty to count one as amended and guilty as charged to counts two through five. In accordance with the plea agreement, the trial court sentenced defendant to the following terms of imprisonment: thirty years at hard labor on count one (manslaughter); forty years at hard labor with the first five years to be served ^without benefit of probation, parole, or suspension of sentence on counts two (distribution .of heroin) and three (possession with intent to distribute heroin); ten years at hard labor without benefit of probation, parole, or suspension of sentence on count four (possession of a firearm by a convicted felon); and five years at hard labor on count five (possession of hydrocodone). The trial court ordered defendant’s sentences to run concurrently. The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender on count two. After being advised of his rights, defendant stipulated to the allegations in the multiple bill, The trial, court then vacated defendant’s sentence on count two and re-sentenced him, in accordance with the plea agreement, to forty years imprisonment at hard labor without benefit of probation or suspension of sentence, to run concurrently with any other sentence being served, including the remaining sentences imposed in this case as well as the sentences imposed' for the misdemeanor offenses.[1] On ■ Janüary 11, 2016, defendant filed a pro' se motion to reconsider sentence, which was denied by the trial court on January 19, 2016. Subsequently, on .August 11, 2016, in response to an application for post-conviction relief filed by defendant, ■ the trial court, granted him an out-of-time'appeal. ANDERS BRIEF Under the procedure adopted by this Court in Stale v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as attorney of record for defendant. When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110. In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He thoroughly details the procedural history of the case, the facts brought out at the pre-trial motion hearings, and the circumstances surrounding defendant’s guilty pleas and sentencing. After a careful review of the record, defendant’s appellate counsel concludes that there are no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. In particular, appellate counsel notes that the trial court addressed all of defense counsel’s motions and objections, that defendant was fully advised of and acknowledged that he understood his rights and the consequences of his guilty pleas, and that the sentences were imposed in accordance with the plea agreements and the statutory penalties. Along with his brief, appellate counsel has filed a motion to withdraw as attorney of record, which states that he has filed an Anders brief and that he has advised defendant of his right to file his own brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 22, 2017, to file a pro se supplemental brief. Defendant has filed a pro se supplemental brief, in which he raises issues | relating to the voluntariness of his guilty pleas based on allegations' of ineffective assistance of counsel. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently .identified defendant and the crimes charged. See La. C.Cr.P. arts. 462-466. Further, as reflected by the minute entries, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, sentencing, and multiple offender proceedings. Defendant pled guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes réview of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10); 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. In addition, no pre-trial rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).[3] Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. IsOur review of the record reveals no constitutional infirmities or irregularities in defendant’s guilty pleas to the five felony offenses. In particular, the record reflects that defendant was advised of the nature of the charges against him as' well as his constitutional rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant signed the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty. Defendant was additionally informed of his sentencing exposure and of the actual sentences that would be imposed upon acceptance of his guilty pleas. Further, during the guilty plea colloquies and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made. Likewise, the record reveals that defendant was adequately advised of his rights in the multiple offender proceedings. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the actual sentence he would receive. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill, that he understood his rights and the legal consequences of pleading guilty to the multiple offender bill of information, and that he wished to plead guilty. The trial court | f,thereafter accepted defendant’s admission to the multiple offender bill as knowingly, intelligently, freely, and voluntarily made. With regard to defendant’s sentences, they were imposed in accordance with the plea agreements. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173; State v. Williams, 12-299 (La. App. 5 Cir 12/11/12), 106 So.3d 1068, 1075, writ denied, 13-109 (La. 6/21/13), 118 So.3d 406. In addition, defendant’s, sentences fall within the sentencing ranges set forth in the applicable statutes. See La. R.S. 14:31(B); La. R.S. 40:966(B)(1); La. R.S. 14:95.1(B); La. R.S. 40:967(0(2); La. R.S. 15:529.1. We have also considered the arguments raised by defendant in his pro se supplemental brief. Specifically, defendant challenges the validity of his guilty pleas alleging that they were involuntarily entered as a result of ineffective assistance of counsel. Basically, defendant contends that his guilty pleas were induced by his attorney’s erroneous advice that if he pled guilty, he would receive good time and would only have to serve eighteen years of his forty-year enhanced sentence. Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can, be conducted if necessary, rather than by direct appeal. State v. Jones, 13-99 (La. App. 5 Cir. 8/27/13), 123 So.3d 758, 765. See State v. Hartshorn, 09-47 (La. App. 5 Cir. 11/10/09), 25 So.3d 172, 181, writ denied, 09-2654 (La. 6/4/10), 38 So.3d 298 (where the defendant’s argument that his counsel’s incorrect advice and inducements forced him to plead guilty and I ^constituted ineffective assistance of counsel could not be properly considered on appeal). Accordingly, we find that defendant’s allegations of ineffective assistance of counsel are more appropriately relegated to post-conviction relief where the issue can be considered,in an evidentiary hearing if necessary, ERRORS PATENT REVIEW In his Anders brief, defendant’s appellate counsel requests an errors patent review. . This Court routinely reviews the record for errors patent regardless of whether defendant makes such a requést. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). First, the transcript reflects that the trial judge restricted parole on count three. The .applicable sentencing statue, La. R.S. 40:966(A), does not provide any restriction on parole. Accordingly, we amend defendant’s sentence on count three to delete, the restriction on parole. However, since both the minute entry/commitment and-the uniform commitment order properly reflect no parole restriction, it is unnecessary to order that those documents be amended.[5] Second, we note that the minute entry/commitment and the uniform commitment order are inconsistent with the transcript. According to State v. Lynch, 441 So.2d 732, 734 (La. 1983), if “there is a discrepancy between the minutes and the transcript, the transcript must prevail.” With regard to count four, the transcript reflects that defendant was sentenced to ten years imprisonment without benefit of probation, parole, or suspension of sentence. However, the'minute entry/commitment and the uniform commitment order reflect that the ten | ¿years imposed on count four are to be served without benefit of probation or suspension of sentence. In addition, the uniform commitment order incorrectly reflects the date of defendant's offenses as December 7, 2011. The record reflects that December 7, 2011, was the offense date for count one and December 15, 2011, was the offense date for counts two through five. A second uniform commitment order was done reflecting defendant’s enhanced sentence. That uniform commitment order likewise reflects December 7, 2011, as the offense date.on count two, whereas the actual offense date was December 15,20Í1. In accordance with this Court’s usual procedure, we direct the trial court to correct the minute entry/commitment and the uniform commitment order to reflect that defendant’s sentence on count four is to be served without benefit of probation, parole, or suspension of sentence and to correct the two uniform commitment orders to reflect the accurate offense dates. We further instruct the Clerk of Court for the 24th Judicial District Court to transmit the original of the amended commitments to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ Legal Department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. DECREE Based on the foregoing, we find that defendant’s guilty pleas, his multiple offender stipulation, and the sentences imr posed pursuant to the plea agreements do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s convictions, his multiple offender adjudication, the sentence as | ^amended herein on count three,, and the sentences imposed on the remaining counts, including the enhanced sentence. We remand the matter for correction of errors patent as noted herein. In addition, we grant appellate counsel’s motion to withdraw as attorney of record for defendant. AFFIRMED, AS AMENDED; MATTER REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED . On September 17, 2014, defendant also pled guilty, in district court case number 12-1649, to two misdemeanor offenses, possession of marijuana and resisting an officer, and was . sentenced to six months in parish prison on each count. . In Bradford, supra, this Court adopted the procedures outlined'in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam). . The State’s brief, in footnote 4, notes that defendant maintained his right to appeal, as "defendant was entering his plea under Crosby." However, the record does not support that defendant entered his pleas under Crosby. . Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) . The trial judge also restricted parole on count two. However, this sentence was vacated prior to the enhanced sentence being imposed. Thereafter, the trial court properly imposed the enhanced sentence without benefit of probation or suspension of sentence.