JOHNSON, J.
Defendant/Appellant, Corey Woods, appeals his consecutive 50-year sentences for his convictions of distribution of a controlled dangerous substance and habitual offender adjudication from the 24th Judicial District Court, Division "L". For the following reasons, we affirm Defendant's convictions and adjudication, affirm the enhanced sentence, vacate the underlying sentences on counts two and three, and remand the matter to the trial court for resentencing on those two counts.
FACTS AND PROCEDURAL HISTORY
On February 23, 2017, the Jefferson Parish District Attorney filed a bill of information charging Defendant with three counts of distribution of heroin in violation of La. R.S. 40:966(A) (counts one through three), possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count four), and possession with intent to distribute marijuana in violation of La. R.S. 40:966(A) (count five). Defendant was arraigned on February 24, 2017, and pleaded not guilty. On November 9, 2017, the trial judge denied Defendant's motions to suppress identification and evidence after a hearing.
On December 5, 2017, the State severed counts four and five.[1] On that same date, Defendant was tried on counts one through three before a 12-person jury. At trial, Deputy Misty Favalora with the Jefferson Parish Sheriff's Office (JPSO) testified that prior to attending the police academy, she worked as an undercover narcotics agent in the JPSO narcotics division. She further testified that she made three different purchases of heroin from Defendant on January 10, 17, and 19, 2017. Deputy Favalora explained that she recorded the transactions using audio and video equipment that was either on her person or in something she was carrying and that other officers were nearby monitoring her for safety reasons.
Deputy Favalora stated that during undercover narcotics purchases, she tries to capture the suspect's face and if she cannot, she tries her best to get audio of the transaction. She testified that with respect to the January 17th and 19th transactions, she was able to capture Defendant's face. Deputy Favalora noted that the video from January 10th showed narcotics on the seat and Defendant in the vehicle, but it did not show Defendant handing her the money. She acknowledged that the video from January 17th did not show Defendant receiving the money or her handing him the money, and it did not show narcotics being passed from him to her. Deputy Favalora stated that the video from January 19th *458 did not show money or narcotics being passed between the two of them. Nevertheless, she maintained that Defendant did, in fact, sell her heroin on those three occasions. Deputy Favalora positively identified Defendant in a photographic lineup after the January 10th transaction as the individual whom she purchased the heroin from. She stated that Defendant also sold her heroin on January 17th and 19th.
JPSO Agent Sean Williams testified that he was the lead agent on those cases and that he and other officers monitored those transactions. He explained that they conducted more than one controlled purchase because they wanted to ensure that Defendant was a heroin distributor. Agent Williams further explained that he was given a phone number that was later determined to belong to Defendant and that they used that phone number to contact Defendant to set up the narcotics purchases using marked currency. Agent Williams testified that at the time of his arrest, Defendant was in possession of approximately $730 or $750 and that drugs were found "stashed" outside of Defendant's house.
Sandy Lee and Brian Schulz testified that they were forensic drug analysts with the JPSO crime lab. The trial judge accepted them as experts in the analysis and identification of controlled dangerous substances. They testified that the substances that they tested in connection with the instant case were found to contain heroin.
At the conclusion of the trial, the jury unanimously found Defendant guilty as charged. On December 14, 2017, the State filed a habitual offender bill of information, alleging Defendant to be a fourth-felony offender. On February 1, 2018, Defendant filed a Motion for New Trial and for Post-Verdict Judgment of Acquittal, which was denied after a hearing on February 2, 2018. Thereafter, on February 2, 2018, Defendant waived sentencing delays, and the trial judge sentenced him to imprisonment at hard labor for 50 years each on counts one, two, and three to run consecutively. The trial judge also ordered the first ten years of each sentence to be served without benefit of parole, probation, or suspension of sentence. Afterward, on that same date, Defendant denied the allegations of the habitual offender bill.
On February 27, 2018, Defendant filed a motion for appeal and motion to reconsider sentence.[2] On March 1, 2018, Defendant stipulated to being a second-felony offender, after which the trial judge vacated the original sentence on count one and resentenced Defendant under the habitual offender bill statute to imprisonment at hard labor for 50 years without benefit of probation or suspension of sentence to run consecutively to the sentences on counts two and three. On March 2, 2018, the trial judge granted the previously filed motion for appeal and denied the motion to reconsider sentence. The instant appeal followed.
ASSIGNMENT OF ERROR
Defendant's sole assignment of error alleges his 50-year consecutive sentences are grossly excessive.
*459 LAW AND ANALYSIS
Defendant argues that his three maximum 50-year consecutive sentences are constitutionally excessive. He contends that although the sentences were within the statutory range, they were grossly excessive given the circumstances surrounding his arrest and the lack of a pre-sentence investigative report prior to sentencing. Defendant asserts that the trial court made a decision to impose the maximum sentences without a complete understanding of his educational, family, and mental background. He notes that he was convicted of three counts of distribution of heroin, even though there were no eyewitnesses to any of the transactions other than the undercover agent-who admitted that she conducted the transactions solely to secure a position in the JPSO narcotics department. Defendant also notes that no weapons were found on his person or in his residence, and neither the marked currency used during the transaction nor the heroin were found on him or in his residence. He argues that considering the facts of his arrest, he is not the worst type of offender, and therefore, should not have received the maximum or consecutive sentences.
The State responds that Defendant is precluded from challenging his sentences because they were imposed in conformity with a negotiated plea agreement. The State further responds that, even if Defendant could establish a basis for review of his claim, no relief would be warranted as he cannot demonstrate a manifest abuse of the trial judge's broad sentencing discretion in this matter.
On February 2, 2018, at the sentencing hearing, the trial judge said that he had considered all of the evidence and took into account the sentencing guidelines set forth in La. C.Cr.P. art. 894. The trial judge stated that he based his sentences, in part, on Defendant's prior history of drug offenses. He asserted that any lesser sentence for these counts would deprecate the seriousness of Defendant's crimes. Afterward, the trial judge sentenced Defendant to imprisonment at hard labor for 50 years each on counts one, two, and three to run consecutively. Defense counsel orally indicated that she objected to the "fifty year consecutive sentence." On February 27, 2018, Defendant filed a written motion to reconsider sentence, arguing that his sentences were unconstitutionally excessive; the sentences "unlawfully considered factors either not proven by the state or not allowed to be part of sentencing considerations;" the sentences were imposed without consideration of mitigating factors which would have been more fully revealed had a PSI been ordered, especially in light of him being given the maximum sentence per count; and the statute under which he was sentenced called for an unconstitutional mandatory minimum.
La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams , 12-299 (La. App. 5 Cir 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-0109 (La. 6/21/13), 118 So.3d 406.
Failure to make or file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for unconstitutional excessiveness only. State v. Bolden , 04-1000 (La. App. 5 Cir. 3/1/05), 901 So.2d 445, 447, writ de nied *460 , 05-2030 (La. 4/28/06), 927 So.2d 279. See also La. C.Cr.P. art. 881.1(E).
In the instant case, on March 1, 2018, Defendant stipulated to being a second-felony offender with an agreed upon enhanced sentence of 50 years to run consecutively with the sentences on counts two and three. The trial judge then vacated the original sentence on count one and resentenced Defendant under the habitual offender statute to imprisonment at hard labor for 50 years to run consecutively to the sentences on counts two and three. Defendant did not orally object to the sentence. Defendant's enhanced sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Defendant stipulated to being a second-felony offender on March 1, 2018. The plea agreement shows that Defendant understood that the sentencing range as a habitual offender was "25-100 years per count and there are three counts." The plea agreement also shows that Defendant understood that the sentences he would receive were "50 years per count, consecutive w/credit for time served." At the hearing, Defendant's counsel stated that Defendant wanted to stipulate to being a second-felony offender with an "agreed upon sentence of fifty years per count, consecutive with one another." During the subsequent colloquy, Defendant indicated that he understood that his enhanced sentence would be 50 years at hard labor without benefit of probation or suspension of sentence, which would run consecutively with the sentences on counts two and three. On March 2, 2018, the trial judge denied the previously filed motion to reconsider sentence.
In light of the foregoing, we find that Defendant is precluded from raising an excessive sentence claim on appeal regarding his enhanced sentence and the consecutive nature of it because he agreed to the enhanced sentence. However, Defendant did not enter into a plea agreement regarding his original sentences on counts two and three. As such, we find that he is entitled to raise excessive sentence claims on those two counts.
The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Nguyen , 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, writ denied , 07-1161 (La. 12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. Nguyen , 958 So.2d at 64.
According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. Nguyen , 958 So.2d at 64 ; State v. Taylor , 06-839 (La. App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied , 06-0859 (La. 6/15/07), 958 So.2d 1179 (citing State v. Lobato , 603 So.2d 739, 751 (La. 1992) ; State v. Pearson , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56 ).
In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen , 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters *461 be given any particular weight at sentencing. State v. Tracy , 02-0227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied , 02-2900 (La. 4/4/03), 840 So.2d 1213. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Badeaux , 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, writ denied , 01-2965 (La. 10/14/02), 827 So.2d 414.
In determining whether sentences are excessive, this Court should consider, among other things, whether the convictions arise out of a single course of criminal conduct. State v. Ortego , 382 So.2d 921 (La. 1980), cert. denied , 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all shall be served consecutively. La. C.Cr.P. art. 883.[3] In other words, if the trial court elects to impose consecutive sentences for crimes arising out of the single course of conduct, it must articulate the reasons it feels consecutive sentences are necessary. State v. Cornejo-Garcia , 90 So.3d 458, 465 ; State v. Blanchard , 03-612 (La. App. 5 Cir. 11/12/03), 861 So.2d 657, 664, writ denied , 03-3389 (La. 10/15/04), 883 So.2d 1045. According to the evidence presented at trial, Defendant's convictions arose from a common scheme that occurred over the course of three days; thus, there was a presumption in favor of concurrent sentences. However, at the sentencing hearing in this matter, the trial judge did not articulate any particular reasons or identify any specific facts particular to Defendant for requiring that his sentences be served consecutively.
Considering sentences imposed for similar crimes in this and other courts, the following jurisprudence indicates to us that the consecutive nature of the sentences imposed upon Defendant herein-resulting in a total period of incarceration of 150 years, which is greater than a life sentence reserved for the most violent of crimes-is unconstitutionally excessive and shocks our sense of justice. Specifically, the following jurisprudence shows a range of sentences for a total period of incarceration imposed for similar offenses for which Defendant was convicted.
In State v. St. Amant , 14-607 (La. App. 5 Cir. 3/11/15), 169 So.3d 535, the defendant was convicted of three counts of distribution of heroin and eight counts of distribution of cocaine. The trial court sentenced the defendant to imprisonment at hard labor for 20 years on each count to be served concurrently. On one of the counts of distribution of heroin, the defendant was adjudicated a second felony offender and sentenced to 30 years at hard labor that ran concurrent with the other sentences. On appeal, this Court, noting that the defendant had a prior conviction for possession of cocaine, affirmed the defendant's concurrent sentences.
In State v. Julien , 17-57 (La. App. 5 Cir. 9/13/17), 225 So.3d 1197, writ denied , *462 17-1791 (La. 5/25/18), 243 So.3d 566, the defendant was sentenced to 40 years at hard labor for distribution of heroin and possession with intent to distribute heroin. He received a 40-year-sentence for manslaughter, 10-year-sentence for possession of a firearm by a convicted felon, and five-year-sentence for possession of hydrocodone, all to run concurrent. The defendant was adjudicated a second felony offender on the distribution of heroin count and was sentenced to 40 years at hard labor to run concurrently with any other sentence being served. This Court upheld the defendant's concurrent sentences.
Furthermore, in State v. Melancon , 14-221 (La. App. 5 Cir. 9/24/14), 151 So.3d 100, writ denied , 14-2161 (La. 5/22/15), 170 So.3d 982, the defendant was sentenced to 30 years for his distribution of heroin conviction, which was ordered to run concurrent with his other concurrent sentences of 30 years for possession with intent to distribute heroin and 20 years for possession of a firearm by a convicted felon. The defendant was adjudicated a third felony offender on the distribution of heroin conviction and was sentenced to 40 years to run concurrent with the other two convictions. On appeal, this Court affirmed the defendant's concurrent sentences.
While the trial court may certainly consider the full context of the current charges, as well as many other factors in sentencing a defendant, it nevertheless is important to focus upon the facts of that particular record in first rendering the sentence and then upon review for constitutional excessiveness. In light of the record before us and the jurisprudence outlined above, we find the consecutive nature of Defendant's sentence, essentially exposing him to a total of 150 years of incarceration, shocks our sense of justice and is grossly disproportionate to the severity of the crime. Moreover, it imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe Defendant for potentially the rest of his natural life. The crimes with which Defendant was charged carry mandatory minimum sentences, indicating that the Legislature is deeply concerned with the distribution of heroin. A lengthy period of incarceration is allowed by the sentencing provision and is well-within the trial court's broad sentencing discretion. Separation of Defendant from society for a significant period of time assures the community of safety from his trafficking of a deadly drug.
With these factors in mind, while sentencing Defendant to the maximum term for each of the counts does not constitute cruel and unusual punishment, ordering that the sentences be served consecutively for a full 150-year sentence does. The record contains scant evidence to support a finding that this case involved the most serious violation of the offense and the worst type of offender. Therefore, we vacate Defendant's sentences for the underlying convictions on counts two and three and remand the matter for resentencing on those counts. Pursuant to La. C.Cr.P. art. 881.4(A), this Court may provide direction regarding a constitutionally reasonable sentence in a given case. Accordingly, we suggest a sentence of 20 to 40 years for the convictions of distribution of heroin to run concurrently with each other, as those would be reasonable sentences.
Error Patent Discussion
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). There are no errors that require corrective action.
DECREE
For the foregoing reasons, we affirm Defendant's underlying convictions and *463 habitual offender adjudication. We also affirm Defendant's enhanced sentence. Furthermore, we find that Defendant's underlying sentences for distribution of heroin on counts two and three are unconstitutionally excessive. Accordingly, we vacate those sentences and remand the matter to the trial court for resentencing consistent with this opinion.
CONVICTIONS AFFIRMED; ENHANCED SENTENCE AFFIRMED; ORIGINAL SENTENCES ON COUNTS TWO AND THREE VACATED; REMANDED FOR RESENTENCING

On March 1, 2018, the State entered a nolle prosequi as to counts four and five.

Defendant filed a premature motion for appeal after he was convicted and sentenced for the offenses but prior to the habitual offender bill adjudication; however, that procedural defect was cured by the subsequent sentencing as a habitual offender. See State v. Williams , 02-852 (La. App. 5 Cir. 1/28/03), 839 So.2d 348, 357, writ denied , 03-596 (La. 6/6/03), 845 So.2d 1089. The trial judge in this matter granted the motion for appeal after he imposed the enhanced sentence.

The Louisiana Supreme Court has recognized that although Louisiana law favors concurrent sentences for crimes committed as a part of a single transaction, a trial court retains discretion to impose consecutive penalties in cases where the offender's past criminal acts, violence in the charged crimes, or other circumstances in his background or in the commission of the crimes justify treating him as a grave risk to the safety of the community. State v. Williams , 445 So.2d 1171, 1182 (La. 1984). See also State v. Harris , 11-626 (La. App. 5 Cir. 11/27/12), 105 So.3d 914, 935 ; State v. Williams , 08-556 (La. App. 5 Cir. 1/13/09), 8 So.3d 3, 9, writ denied , 09-330 (La. 11/6/09), 21 So.3d 298 ; 21 So.3d 298 ; State v. Cornejo-Garcia , 11-619 (La. App. 5 Cir. 1/24/12), 90 So.3d 458, 465.