CHAISSON, J.
*1238 Defendant, Javone D. Martin, appeals several narcotics convictions and sentences, as well as the enhanced sentence imposed pursuant to his stipulation to the multiple offender bill of information. For the reasons that follow, we affirm defendant's convictions and sentences, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On September 10, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with three counts of distribution of cocaine within 2,000 feet of Jesse Owens Playground, in violation of La. R.S. 40:981.3 (counts one, two, and five) and two counts of distribution of cocaine, in violation of La. R.S. 40:967(A) (counts three and four). At the November 6, 2013 arraignment, defendant pled not guilty. On June 29, 2016, defendant withdrew his not guilty pleas and, after being advised of his rights, pled guilty as charged. On July 18, 2016, in accordance with the plea agreement, the trial judge sentenced defendant, on each count, to imprisonment at hard labor for fifteen years with the first two years to be served without benefit of parole, probation, or suspension of sentence, to run concurrently.
The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender on count three. After being advised of his rights, defendant stipulated to the allegations in the multiple offender bill. The trial court then vacated defendant's sentence on count three and resentenced him, in accordance with the plea agreement, to imprisonment at hard labor for fifteen years with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence and the remainder of the sentence to be served without benefit of probation or suspension of sentence. Defendant was subsequently granted an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction *1239 and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history of the case as well as the circumstances surrounding defendant's guilty pleas and sentencing. She particularly notes that defendant entered unqualified guilty pleas, thereby waiving any pre-plea non-jurisdictional defects. Further, defendant's appellate counsel acknowledges that defendant was fully advised of his rights and the consequences of his guilty pleas to both the original and multiple offender bills of information. Also, counsel notes that defendant was advised of the sentences he would receive in exchange for the guilty pleas and was sentenced in accordance with the plea agreements. Defendant's appellate counsel concludes that after a conscientious and thorough review of the appellate court record, she can find no non-frivolous issues to raise on appeal and can find no ruling of the trial court that arguably supports an appeal. Therefore, she requests permission to withdraw as attorney of record for defendant.[2]
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the five narcotics charges that would render them invalid. The transcript of the guilty plea proceedings and the acknowledgement and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[3] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, the trial court, during its colloquy with defendant, informed him of the actual sentences that would be imposed upon acceptance of his guilty pleas. In addition, the waiver of rights form advised defendant of his maximum sentencing exposure and the actual sentences he would receive.[4] Further, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty pleas. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly and voluntarily made.
With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. Both the waiver of rights form and the transcript from the multiple *1240 offender proceeding reflect that defendant was advised of his right to a hearing at which the State would have to prove his habitual offender status, of his right to remain silent throughout the hearing, and of the potential sentencing range as a second felony offender, as well as the actual sentence that would be imposed. Defendant indicated in the waiver of rights form and during the colloquy that he had not been forced, coerced, or threatened into stipulating to the habitual offender bill. The trial court accepted the stipulation as being knowingly, intelligently, and voluntarily made by defendant.
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams , 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-109 (La. 6/21/13), 118 So.3d 406. Here, defendant's original sentences and enhanced sentence were imposed in accordance with the terms of the plea agreements set forth in the record at the time of the pleas and stipulation. Furthermore, defendant's sentences fall within the sentencing ranges set forth in the statutes. See La. R.S. 40:967(A) ; La. R.S. 40:981.3 ; La. R.S. 15:529.1. Based on the foregoing, we find that defendant's guilty pleas, his stipulation to the multiple offender bill of information, and the sentences imposed pursuant to the plea agreements do not present any issues for appeal.
Lastly, we have review the record for errors patent and have found no errors that require corrective action. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record for defendant, and we affirm defendant's convictions and sentences.
AFFIRMED; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, defendant was notified of his right to file a pro se supplemental brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

It is noted that during its colloquy with defendant at the guilty plea proceedings, the trial court did not inform defendant of the maximum or minimum sentencing ranges on the original sentences as required by La. C.Cr.P. art. 556.1. However, the trial court's failure to advise defendant of the sentencing ranges in open court does not affect the validity of defendant's guilty pleas since defendant was in fact advised of the actual sentences that he would receive pursuant to the plea agreements. This Court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64 ; State v. Faggard , 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied , 16-338 (La. 2/10/17), 215 So.3d 701.