WINDHORST, J.
On appeal, defendant's appointed appellate counsel filed an Anders [1] brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. For the reasons that follow, we grant defense counsel's motion to withdraw as counsel of record, and affirm defendant's convictions, habitual offender stipulation, sentence on count one and his enhanced sentence on count two. We amend and affirm as amended defendant's sentence on count three, and remand with instructions consistent with this opinion.
PROCEDURAL HISTORY
On August 6, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, William J. Shelby, with possession with the intent to distribute marijuana, in violation of La. R.S. 40:966 A (count one); possession with the intent to distribute cocaine, in violation of La. R.S. 40:967 A (count two); and possession with the intent to distribute methamphetamine, in violation of La. R.S. 40:967 A (count three). On October 13, 2015, defendant pled not guilty at his arraignment.
On August 31, 2017, defendant withdrew his not guilty pleas and pled guilty as charged. The trial court sentenced defendant to fifteen years in the Department of Corrections[2] on all counts to run concurrent *1220 with each other and any and all other time imposed.[3] The court ordered defendant to comply with the schedule of "fines, fees, sentencing provision and probation requirements form," within twelve months of release, which included the payment of a $500 fine. The trial court also ordered that the first two years of counts two and three to be served without the benefit of probation, parole, or suspension of sentence.
On the same day, the State filed a habitual offender bill of information alleging defendant to be a second felony offender on count two, to which defendant stipulated. The trial court vacated the original sentence on count two and resentenced defendant to fifteen years in the Department of Corrections with the first two years of the sentence to be served "without benefits and the entirety of his sentence shall be without the benefit of probation or suspension of sentence" and to run concurrently with any and all other sentences.
On March 6, 2018, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted by the trial court on March 15, 2018. This appeal followed.
FACTS
Because defendant entered guilty pleas, the underlying facts were not fully developed at trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
[T]he state would be able to prove beyond a reasonable doubt as to count one that on or about April 16, 2014, the defendant violated Revised Statute 40:966A in that he did knowingly or intentionally possess with the intent to distribute marijuana.
As to count two on that same date, he violated Revised Statute 40:967A in that he did knowingly or intentionally possess with the intent to distribute cocaine.
And as to count three on that same date, that he violated Revised Statute 40:967A in that he did knowingly or intentionally possess with the intent to distribute methamphetamine.
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is *1221 wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel indicates that prior to defendant's decision to change his pleas from not guilty to guilty, the trial court fully informed defendant of the legal consequences of doing so. Appellate counsel states that during the plea colloquy, the trial court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights. She asserts that the trial court informed defendant that he would be sentenced to a term of fifteen years on each count, including his sentence as a habitual offender, to run concurrent with each other and any and all time imposed. She avers that defendant was sentenced in conformity with the plea agreement, and accordingly, is restricted by law from appealing his sentences.[5]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcript. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the charges that would render them invalid. The transcript of the guilty plea proceeding and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin [6] rights, including the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, defendant was informed of the actual sentences that would be imposed on him.[7]
Additionally, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed that his guilty pleas could be used against him if he was convicted of a subsequent offense and could affect him under the habitual offender law. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant's stipulation to the habitual offender bill. Both the waiver of rights form and the transcript of the habitual offender proceeding reflect that defendant was advised of his right to a hearing at which the State would have to prove his habitual offender status; of his right to remain silent throughout the hearing; of the potential sentencing range as a second felony *1222 offender; and the actual sentence that would imposed. Defendant indicated in the waiver of rights form and during the colloquy that he had not been forced, coerced, or threatened into stipulating to the habitual offender bill. The trial court accepted the stipulation as being knowingly, intelligently, and voluntarily made by defendant. A stipulation to a habitual offender bill bars a defendant from asserting on appeal that the State failed to produce sufficient proof at the habitual offender bill hearing. See State v. Crawford, 14-364 (La. App. 5 Cir. 12/23/14), 166 So.3d 1009, 1019.
Defendant's sentences, including his enhanced sentence, were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the pleas and stipulation. State v. Moore, 06-875 (La. App. 5 Cir. 04/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams, 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied, 13-109 (La. 06/21/13), 118 So.3d 406. Nevertheless, defendant's sentences fall within the sentencing range prescribed by the statutes. See La. R.S. 40:966 A; La. R.S. 40:967 A; La. R.S. 15:529.1. Moreover, defendant's plea agreements were beneficial to him because he received mid-range sentences for all his sentences and the minimum sentence for his enhanced sentence, all of which were to be served concurrently.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
ERRORS PATENT DISCUSSION
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance to the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals the following errors patent that require correction.
According to the sentencing transcript, defendant received a sentence for his conviction of possession with the intent to distribute methamphetamine (count three) of fifteen years at hard labor with the first two years to be served without the benefit of probation, parole, or suspension of sentence. The commitment and the Uniform Commitment Order (UCO) also reflect this sentence. However, La. R.S. 40:967 B(1) does not provide for a restriction on benefits.[8]
In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, this Court has corrected the sentence on its own authority under La. C.Cr.P. art. 882. State v. Sanders, 04-017 (La. 05/14/04), 876 So.2d 42 (per curiam ).
Therefore, we amend the sentence on count three to delete the restriction on benefits, affirm as amended defendant's sentence on count three, and remand this *1223 matter for the trial court to correct the commitment and UCO and transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892. B(2) and to the Department of Corrections' legal department.
CONCLUSION
For the reasons stated above, we grant defense counsel's motion to withdraw as counsel of record, and affirm defendant's convictions, habitual offender stipulation, his sentence on count one, and his enhanced sentence on count two. We amend and affirm as amended defendant's sentence on count three, and remand with instructions consistent with this opinion.
CONVICTIONS AND HABITUAL OFFENDER STIPULATION AFFIRMED; SENTENCE ON COUNT ONE AND ENHANCED SENTENCE ON COUNT TWO AFFIRMED; SENTENCE ON COUNT THREE AMENDED AND AFFIRMED AS AMENDED; CASE REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Though the trial judge sentenced defendant to imprisonment in the Department of Corrections rather than to imprisonment at hard labor as required by law, this Court deems such a sentence necessarily at hard labor. See State v. Baptiste, 16-316 (La. App. 5 Cir. 12/14/16), 209 So.3d 321, 324 n.2.

On August 31, 2017, defendant also entered guilty pleas and was sentenced in district court case numbers 16-4060 and 16-4061. Defendant appealed his guilty plea in number 16-4060, which is appeal number 18-KA-186. In case number 16-4061, defendant pled guilty to the misdemeanor offense of illegal use of a controlled substance in the presence of a minor child.

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176, 1177 (per curiam ).

Defendant was notified of his right to file a pro se supplemental brief in this appeal. As of the date of this opinion, defendant has not filed a pro se brief.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Advice of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Martin, 17-558 (La. App. 5 Cir. 03/14/18), 242 So.3d 1236 ; State v. Faggard, 15-585 (La. App. 5 Cir. 01/13/16), 184 So.3d 837, 847, writ denied, 16-338 (La. 02/10/17), 215 So.3d 701 ; State v. Craig, 10-854 (La. App. 5 Cir. 05/24/11), 66 So.3d 60, 64.

At the time of this offense, La. R.S. 40:967 B(1) provided a sentence of "not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars."